UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR06-319 JLR |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| THANH THEA HAU, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

　　Count 1: Conspiracy to Distribute Marijuana, in excess of 1000 kilograms, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

　　Count 2: Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h).

Date of Detention Hearing:　　The initial detention hearing took place on October 3, 2006, before United States Magistrate Judge Boyd Boland in the District of Colorado. Judge Boland determined that an appearance bond with conditions that included posting 10% of a $100,000 bond would be sufficient to ensure the safety of the community and to ensure that the defendant would appear as required. On October 5, 2006, United States District Judge James Robart from the Western District of Washington ordered that the Order of Release

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

executed by Judge Boland be stayed and that the defendant remain in custody "until he appears in [the Western District of Washington] and the Court will set a hearing at that time to determine whether the defendant should be released or detained."

Pursuant to the October 5, 2006, Order of Judge Robart, the undersigned Magistrate Judge conducted a detention hearing on November 3, 2006. The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. It is appropriate to apply the presumption in this case.

(2) Defendant's instant charges are serious offenses. He is accused of conspiring to distribute more than 1000 kilograms of marijuana. Accordingly, he faces a mandatory minimum sentence of ten years if convicted with the prospect of a substantially longer period of incarceration.

(3) Defendant was indicted on October 11, 2006, by a Colorado grand jury on 63 counts in a 152-count indictment. The indictment took place after the earlier release decision by Judge Boland, but he was aware of a 4-count complaint involving the defendant which has been subsumed into the indictment.

(4) Defendant has no ties to the Western District of Washington, apart from an uncle who lives in Vancouver, Washington.

(5) Defendant has extended family ties residing in Vietnam. He has traveled to Vietnam twice within the past year, with his last visit taking place in February 2006.

(6) Defendant is unemployed and has no history of stable employment.

(7) There are no conditions short of detention that will reasonably assure the presence of the defendant at future court appearances as required.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of November, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge